**QUAKER STATE OIL REFINING CORPORATION, Plaintiff,**

v.

**UNITED STATES COAST GUARD, Defendant.**

**Civ. A. No. 87–55 ERIE.**

United States District Court,
W.D. Pennsylvania.

Oct. 13, 1987.

Dean A. Calland, Chester R. Babst, III, George E. Yokitis, Pittsburgh, Pa., for plaintiff.

Craig R. McKay, Asst. U.S. Atty., Pittsburgh, Pa., Lawrence E. Blatnik, Atty., Environmental Defense Section, Land and Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., Jed Callen, Asst. Regional Counsel, U.S. Environmental Protection Agency—Region III, Philadelphia, Pa., for defendant.

## OPINION

**GERALD J. WEBER, District Judge.**

On July 2, 1985, the Coast Guard and the EPA inspected an abandoned well site with a containment pit holding waste water and oil. The Coast guard alleges that oil was leaking from the pit into Pine Run.

The Coast Guard then proceeded to contain and remove the contents of the pit at a cost of over $430,000. After the work was completed the Coast Guard notified Quaker State that it believed that Quaker State was the "owner or operator" of the site as defined in the Clean Water Act (CWA), 33 U.S.C. § 1251 et seq., and therefore responsible for the cost of clean-up, plus interest and penalties to accrue after December, 1986.

Quaker State denies that it is the "owner or operator" as defined by the Act, and it filed this suit seeking declaratory judgment on this single discreet issue. The Coast Guard has interposed a motion to dismiss on various grounds. The parties have submitted extensive briefs and we have entertained oral arguments of counsel. For the reasons stated below, defendant's motion will be denied and this case will proceed to a determination of the issue of Quaker State's status as an owner or operator.

■ The Coast Guard contends that there is no present case or controversy, or that Quaker State has no standing, because Quaker State has suffered no injury to date. However, it is undisputed that interest and penalties totalling 14% of the amount claimed by the Coast Guard are accruing without abatement. Furthermore, after conclusion of administrative procedures, the Coast Guard has unequivocally demanded payment of over $430,000. A clear and ripe controversy is presented.

■ The Coast Guard also argues that Quaker State may not invoke the CWA because Quaker State's suit is not within the "zone of interest" the Act is intended to promote. But Quaker State seeks a determination of a fundamental issue in the Act's framework—is it an owner or operator? The Act is intended to hold only responsible owners and operators and therefore this suit furthers the purpose of the Act.

We need not address the alternative jurisdictional base advanced by plaintiff, judicial review under the Administrative Procedures Act, 5 U.S.C. § 704. We do note that it appears for all intents and purposes that the administrative proceedings have been concluded. There is no administrative avenue of appeal left for Quaker State. All that remains is the Coast Guard's decision to file a suit under the CWA to collect the $430,000.

■ Finally, the Coast Guard argues that allowing Quaker State to file this preemptive suit would deprive the Coast Guard of its jealously guarded enforcement discretion. We see no difficulty here—plaintiff seeks only a determination of a discreet threshold question, one which the Coast Guard has apparently investigated fully, justifying it in demanding payment of $430,000 plus interest and penalties. The Coast Guard also raises its fear that the Federal Rules will require it to assert its claims for payment as a compulsory counterclaim. Without ruling on the issue of compulsory joinder of the claim, it is not apparent why such a result is feared, given the extent of investigation and clean-up, the time that has passed since the authorities became involved, and the conclusion to all appearances of administrative proceedings.

For the reasons stated, defendant's motion to dismiss will be denied.